1  **GREGORY MURPHY**
California State Bar No. 245505
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California  92101-5030
Telephone: (619) 234-8467
4  gregory_murphy@fd.org

5  Attorneys for Jessica Alfaro

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE DANA M. SABRAW)**

12  UNITED STATES OF AMERICA,     )   **CASE NO. 08-cr-2267-DMS**
                                  )
13           Plaintiff,            )   DATE:    September 5, 2008
                                  )   TIME:    11:00 a.m.
14                                )
15  v.                             )   **NOTICE OF MOTIONS AND**
                                  )   **MOTIONS:**
16  JESSICA ALFARO,               )
                                  )   **(1)   TO COMPEL DISCOVERY; AND**
17           Defendant.            )   **(2)   FOR LEAVE TO FILE FURTHER**
                                  )           **MOTIONS**
18                                )
                                  )
19

20  TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
         RANDY JONES, ASSISTANT UNITED STATES ATTORNEY:

22      PLEASE TAKE NOTICE that on September 5, 2008, at 11:00 a.m., or as soon thereafter as

23  counsel may be heard, the defendant, Jessica Alfaro, by and through her counsel, Gregory T. Murphy

24  and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following

25  motions.

26  //

27  //

28  //

**MOTIONS**

The defendant, Jessica Alfaro, by and through her attorneys, Gregory Murphy and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) compelling discovery;

2) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

/s/ *Gregory Murphy*

Dated: August 25, 2008

**GREGORY MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Alfaro
gregory_murphy@fd.org

**GREGORY MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
gregory_murphy@fd.org

Attorneys for Ms. Alfaro

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ALFONSO RAMIREZ-MEDINA)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08-cr-2267-DMS |
| Plaintiff, | |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| JESSICA ALFARO | |
| Defendant | |

### I.

### STATEMENT OF FACTS

The Government alleges that Ms. Alfaro intentionally imported approximately 19 kilograms of marijuana from Mexico. Ms. Alfaro has pleaded not guilty.

### II.

### MOTION TO COMPEL DISCOVERY

Ms. Alfaro requests the following discovery. Her request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

//

1. <u>The Defendant's Statements</u>. The government must disclose to Ms. Alfaro *all* copies of any written or recorded statements made by Ms. Alfaro; the substance of any statements made by Ms. Alfaro that the government intends to offer in evidence at trial; any response by Mr. Alfaro to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Ms. Alfaro's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings that may have been given to Mr. Alfaro; and any other statements by Ms. Alfaro. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Ms. Alfaro's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2. <u>Arrest Reports, Notes and Dispatch Tapes</u>. Ms. Alfaro also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Ms. Alfaro or any other discoverable material is contained. Ms. Alfaro includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> also <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Ms. Alfaro are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. <u>Brady Material</u>. Ms. Alfaro requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

2

1        4.    <u>Any Information That May Result in a Lower Sentence</u>.  As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>, 373 U.S. 83.  The government must disclose any cooperation or attempted cooperation by Ms. Alfaro, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines").  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Ms. Alfaro's criminal history, or any other application of the Guidelines.

        5.    <u>The Defendant's Prior Record</u>.  Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Ms. Alfaro specifically requests a complete copy of any criminal record.

        6.    <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."  <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

        This includes any "TECS" records (records of prior border crossings) that the government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal.  Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial.  <u>United States v. Vega</u>, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).  Ms. Alfaro requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

        7.    <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

//

3

1         8.    <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to vehicle involved in the case, Ms. Alfaro's personal effects, the alleged marijuana, and any evidence seized from Ms. Alfaro or any third party.  This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).  Ms. Alfaro requests that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

         9.    <u>Henthorn Material</u>.  Ms. Alfaro requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material.  See <u>Kyles v. Whitley</u>, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended.  Ms. Alfaro further requests production of any such information at least one week prior to the motion hearing and two weeks prior to trial.  If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an in camera inspection.

         10.   <u>Tangible Objects</u>.  Ms. Alfaro requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Ms. Alfaro. Fed. R. Crim. P. 16(a)(1)(E).  Specifically, Ms. Alfaro requests **color**

4

1  **copies** of all photographs in the government's possession of the alleged narcotics and the vehicle in
2  which the narcotics were found.

3           11.  <u>Expert Witnesses</u>.  Ms. Alfaro requests the name, qualifications, and a written
4  summary of the testimony of any person that the government intends to call as an expert witness
5  during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a description
6  of the witness' opinion(s), as well as the bases and the reasons for the opinion(s).  <u>See</u> <u>United States</u>
7  <u>v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not
8  adequately summarize or describe police detective's testimony in drug prosecution where notice
9  provided only a list of the general subject matters to be covered and failed to identify what opinion
10 the expert would offer on those subjects).  This request includes, but is not limited to, disclosure of
11 the qualifications of any government witness who will testify that he understands and/or speaks
12 Spanish or any other foreign language that may have been used during the course of an interview
13 with Ms. Alfaro or any other witness.  Ms. Alfaro requests the notice of expert testimony be provided
14 at a minimum of three weeks prior to trial so that the defense can properly prepare to address and
15 respond to this testimony, including obtaining its own expert and/or investigating the opinions,
16 credentials of the government's expert and obtain a hearing in advance of trial to determine the
17 admissibility of qualifications of any expert.  <u>See</u> <u>Kumho v. Carmichael Tire Co.</u>, 526 U.S. 137, 119
18 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy
19 of expert testimony and such determinations may require "special briefing or other proceedings")

20          12.  <u>Impeachment evidence</u>.  Ms. Alfaro requests any evidence that any prospective
21 government witness has engaged in any criminal act whether or not resulting in a conviction and
22 whether any witness has made a statement favorable to Ms. Alfaro.  <u>See</u> Fed. R. Evid. 608, 609 and
23 613.  Such evidence is discoverable under <u>Brady</u>, 373 U.S. 83.  <u>See</u> <u>United States v. Strifler</u>,
24 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49
25 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

26          13.  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  Ms. Alfaro
27 requests any evidence that any prospective witness is under investigation by federal, state or local
28 authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

5

1             14.   <u>Evidence of Bias or Motive to Lie</u>.   Ms. Alfaro requests evidence that any
2  prospective government witness is biased or prejudiced against Ms. Alfaro, or has a motive to falsify
3  or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>Strifler</u>, 851 F.2d 1197.
4             15.   <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>.
5  Ms. Flores requests any evidence, including any medical or psychiatric report or evaluation, tending
6  to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth
7  is impaired; and any evidence that a witness has ever used narcotics or other controlled substance,
8  or has ever been an alcoholic.  <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224
9  (4th Cir. 1980).
10            16.   <u>Witness Addresses</u>.  Ms. Alfaro requests the name and last known address of each
11 prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987);
12 <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses
13 by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has
14 equal right to talk to witnesses).  Ms. Alfaro also requests the name and last known address of every
15 witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof)
16 who will *not* be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir.
17 1984).
18            17.   <u>Names of Witnesses Favorable to the Defendant</u>.  Ms. Alfaro requests the name of
19 any witness who made any arguably favorable statement concerning Ms. Alfaro or who could not
20 identify him or who was unsure of his identity or participation in the crime charged.  <u>Jackson v.
21 Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis</u>, 637 F.2d at 223; <u>Jones v. Jago</u>, 575 F.2d
22 1164,1168 (6th Cir.1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S.
23 1086 (1980).
24            18.   <u>Statements Relevant to the Defense</u>.  Ms. Alfaro requests disclosure of any
25 statement that may be "relevant to any possible defense or contention" that he might assert.
26 <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).  This includes grand jury transcripts that
27 are relevant to the defense motion to dismiss the indictment.
28 //

1    19. <u>Jencks Act Material</u>. Ms. Alfaro requests production in advance of the motion
2 hearing or trial of all material, including dispatch tapes, that the government must produce pursuant
3 to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that
4 "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or
5 notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487,
6 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that
7 interview notes constitutes Jencks material when an agent reviews notes with the subject of the
8 interview); <u>see also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance
9 production will avoid the possibility of delay of the motion hearing or trial to allow Ms. Alfaro to
10 investigate the Jencks material. Ms. Alfaro requests pre-trial disclosure of such statements to avoid
11 unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any
12 Jencks statements during cross-examination.0

13    20. <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972),
14 Mr. Alfaro requests all statements and/or promises, expressed or implied, made to any government
15 witnesses, in exchange for their testimony in this case, and all other information that could arguably
16 be used for the impeachment of any government witnesses.

17    21. <u>Agreements Between the Government and Witnesses</u>. Ms. Alfaro requests
18 discovery regarding any express or implicit promise, understanding, offer of immunity, of past,
19 present, or future compensation, or any other kind of agreement or understanding, including any
20 implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between
21 any prospective government witness and the government (federal, state and/or local). This request
22 also includes any discussion with a potential witness about or advice concerning any immigration
23 benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made
24 or the advice not followed.

25    22. <u>Informants and Cooperating Witnesses</u>. Ms. Alfaro requests disclosure of the
26 names and addresses of all informants or cooperating witnesses used or to be used in this case, and
27 in particular, disclosure of any informant who was a percipient witness in this case or otherwise
28 participated in the crime charged against Ms. Alfaro. The government must disclose the informant's

identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Ms. Alfaro.

23. Bias by Informants or Cooperating Witnesses. Ms. Alfaro requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio, 405 U.S.

24. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

25. Personnel Records of Government Officers Involved in the Arrest. Ms. Alfaro requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Ms. Alfaro. See Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

26. Training of Relevant Law Enforcement Officers. Ms. Alfaro requests copies of all written videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within those vehicles; © the detention of individuals within those vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Ms. Alfaro also requests all written or otherwise attainable information regarding the training of Customs agents at ports of entry in California to detect or discover contraband in vehicles entering the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security Department, by the DEA or other law enforcement agencies or individuals.

8

1      27.  <u>Performance Goals and Policy Awards</u>. Ms. Alfaro requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information relates to the detection of contraband. This request specifically includes information concerning performance goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for their performance at the port of entry and their success or failure to detect illegal narcotics in general.

      28.  <u>TECS Reports</u>. Ms. Alfaro requests all TECS reports, including reports pertaining to all vehicle border crossings pertaining to the vehicle used in this case, any vehicles pertaining to Ms. Alfaro, and any crossings by Ms. Alfaro. **Any prior border crossings are considered "other acts" evidence which the government must produce before trial**. <u>Vega</u>, 188 F.3d at 1154.

      29.  <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Ms. Alfaro requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

      30.  <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

      31.  <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce

under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

32. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

### III.

### MOTION FOR LEAVE TO FILE FURTHER MOTIONS

As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions or to supplement existing motions. Accordingly, Ms. Alfaro requests leave to file further motions at a later date.

### IV.

### CONCLUSION

For the reasons stated, Ms. Alfaro requests this Court grant her motions.

Respectfully submitted,

/s/ *Gregory Murphy*

Dated: August 25, 2008

GREGORY MURPHY
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Alfaro
gregory_murphy@fd.org

```
 1  GREGORY T. MURPHY
    California State Bar No. 245505
 2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
 3  San Diego, CA 92101-5008
    (619) 234-8467/Fax: (619) 687-2666
 4  E-Mail: gregory_murphy@fd.org

 5  Attorneys for Jessica Michelle Alfaro
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR2267-DMS |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| JESSICA MICHELLE ALFARO, | |
| Defendant. | |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

Randy K. Jones
Randy.Jones2@usdoj.gov,efile.dkt.gc1@usdoj.gov,Stephanie.Delgadillo@usdoj.gov

Respectfully submitted,

DATED:      August 25, 2008         /s/ Gregory T. Murphy
                                    **GREGORY T. MURPHY**
                                    Federal Defenders of San Diego, Inc.
                                    Attorneys for Jessica Michelle Alfaro