1  KAREN P. HEWITT
   United States Attorney
2  RANDY K. JONES
   Assistant U.S. Attorney
3  California State Bar No. 141711
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-5681
   randy.jones2@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,          )  Criminal Case No. 08CR2267-DMS
                                      )
11                  Plaintiff,        )  DATE:        September 5, 2008
                                      )  TIME:        11:00 a.m.
12         v.                         )
                                      )  **UNITED STATES' RESPONSE AND**
13 JESSICA MICHELLE ALFARO,           )  **OPPOSITION TO DEFENDANT'S**
                                      )  **MOTION TO COMPEL DISCOVERY**
14                  Defendant.        )
                                      )  **TOGETHER   WITH   STATEMENT   OF**
15                                    )  **FACTS AND MEMORANDUM OF POINTS**
                                      )  **AND AUTHORITIES AND GOVERNMENT'S**
16                                    )  **MOTION FOR RECIPROCAL DISCOVERY**
                                      )
17                                    )
                                      )
18 _____)

19         COMES NOW, the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

20 Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant U.S. Attorney, and hereby files

21 its Response and Opposition to defendant's above-referenced motion.  Said response is based upon the

22 files and records of the case, together with the attached statement of facts and memorandum of points

23 and authorities.

24

25

26

27

28

# I.

## STATEMENT OF THE CASE

On June 24, 2008, a federal grand jury returned a two-count indictment charging Defendant Jessica Michelle Alfaro ("ALFARO") with knowingly and intentionally importing approximately 19.34 kilograms (approximately 42.55 pounds) of marijuana, in violation of 21 U.S.C. Sections 952 and 960 (Count 1); and knowingly and intentionally possess, with intent to distribute  approximately 19.34 kilograms (approximately 42.55 pounds) of marijuana, in violation of Title 21, United States Code, Sections 952 and 960 (Count 2).

On July 9, 2008, the Defendant was arraigned on the Indictment and entered a plea of not guilty. The motion hearing is scheduled for September 5, 2008 at 11:00 a.m.

# II

## STATEMENT OF THE FACTS

**A.    INCIDENT**

    1.    Primary Inspection

On June 24, 2008, at approximately 3:45 a.m., Jessica Michelle Alfaro made entry into the United States from Mexico thought the Calexico, California, West Port of Entry.  Alfaro was the sole occupant, driver, and registered owner of a black 2003 Ford Focus with California license plate number 5AMP255.

Alfaro presented a California driver's license and a U.S. birth certificate to United States Customs and Border Protection Officer (CBPO) M. Roberts at primary inspection lane #7.  Alfaro told CBPO Roberts that she had been visiting her husband in Mexicali, Mexico, who had been deported to Mexico.  Alfaro also gave a negative declaration.  During his inspection, CBPO Roberts was notified by CBPO S. Parish that his narcotics detector dog had alerted to the front bumper of the vehicle.  Alfaro said she was returning home to San Bernardino, California.  Alfaro was referred to secondary inspection after her personnel data was inputted into the TECS system.

08cr2267-DMS

2.      <u>Secondary Inspection</u>

At the secondary lot, CBPO Terriquez approached the vehicle and Alfaro.  Alfaro showed her California drivers license to CBPO Terriquez and gave him a negative customs declaration.  Alfaro stated that she only had a bag of candy.  Alfaro said she was heading back home to San Bernardino and that she was the registered owner of the vehicle.  CEO Parish conducted his inspection of the vehicle with his NDD Lucy who alerted to the front bumper of the vehicle.  CBPO Terriquez and CEO Parish then discovered a non factory compartment inside the front bumper.  Alfaro was escorted to the secondary lot office where a pat down search was conducted in a private room with negative results.  In the non factory compartment, CBPO Terriquez and CEO Parish discovered 36 packages.  CBPO Terriquez probed a random package and a green leafy substance which tested positive for marijuana was discovered.  CBPO Terriquez placed Alfaro under arrest.

**B.    ALFAROS' POST-ARREST STATEMENT**

On June 24, 2008, a digitally recorded audio/video taped sworn statement was conducted of Alfaro by Border Patrol Special Agent Timothy Henderson in the Calexico Station/Sector Intelligence Groups Interview Room.  Alfaro was given her Miranda warnings as per Service Form I-214, in English.  Alfaro waived her rights and agreed to make a statement. Alfaro stated, that she knew there was drugs in the car, but didn't know what kind and, that she was to be paid $1,000 to take the car to San Bernardino.

**III.**

**POINTS AND AUTHORITIES**

**A.    THE GOVERNMENT WILL COMPLY
        WITH ALL DISCOVERY OBLIGATIONS**

The Government has complied and will continue to comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal Rules of Criminal Procedure.  The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Avalos' specific requests below:

**(1) <u>Defendant's Statements.</u>**    The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Avalos the substance of his oral statements and his written

3                                          08cr2267-DMS

1  statements. The Government has produced all of Avalos' statements that are known to the undersigned

2  Assistant U.S. Attorney at this date. If the Government discovers additional oral or written statements

3  that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to

4  Avalos.

5         The Government has no objection to the preservation of the handwritten notes taken by any of

6  the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must

7  preserve their original notes of interviews of an accused or prospective government witnesses).

8  However, the Government objects to providing Avalos with a copy of the rough notes at this time. Rule

9  16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been

10 accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir.

11 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require

12 disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a

13 report). The Government is not required to produce rough notes pursuant to the Jencks Act, because

14 the notes do not constitute "statements" (as defined in 18 U.S.C. § 3500(e)) unless the notes (1)

15 comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or

16 adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough

17 notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States

18 v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks

19 Act where notes were scattered and all the information contained in the notes was available in other

20 forms). The notes are not Brady material because the notes do not present any material exculpatory

21 information, or any evidence favorable to Avalos that is material to guilt or punishment. Brown, 303

22 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the

23 defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3rd

24 Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If,

25 during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks

26 Act, or Brady, the notes in question will be provided to Avalos.

27    **(2) Brady and Giglio Material.** The Government has and will continue to perform its duty

28 under Brady to disclose material exculpatory information or evidence favorable to Avalos when such

evidence is material to guilt or punishment, including arrest reports and dispatch tapes. The Government recognizes that its obligation under <u>Brady</u> covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. <u>See Giglio v. United States</u>, 405 U.S. 150, 154 (1972); <u>United States v. Bagley</u>, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. <u>Bagley</u>, 473 U.S. at 682; <u>United States v. Agurs</u>, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to <u>Brady</u>), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" <u>Carriger v. Stewart</u>, 132 F.3d 463, 479 (9th Cir. 1997) (<u>en banc</u>). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." <u>Kyles v. Whitley</u>, 514 U.S. 419, 436-37 (1995).

<u>Brady</u> does not, however, mandate that the Government open all of its files for discovery. <u>See United States v. Henke</u>, 222 F.3d 633, 642-44 (9th Cir. 2000)(<u>per curiam</u>). Under <u>Brady</u>, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (<u>see United States v. Smith</u>, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (<u>see United States v. Bracy</u>, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (<u>see United States v. Mikaelian</u>, 168 F.3d 380-389-90 (9th Cir. 1999) <u>amended by</u> 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. <u>See United States v. Hanson</u>, 262 F.3d 1217, 1234-35 (11th Cir. 2001).

Brady does not require the Government "to create exculpatory evidence that does not exist," <u>United States v. Sukumolahan</u>, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976).

**(3) <u>Any Proposed Rule 404(b) Evidence.</u>** The Government will provide Avalos with any information regarding Avalos' known prior criminal offenses. The Government will disclose in sufficient time advance of trial, the general nature of any "other bad acts" evidence that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). To the extent possible, the Government will provide the Rule 404(b) evidence to CASTRO within two weeks prior to trial. The Government

1   will also provide notice of all impeachment evidence by prior criminal convictions as required by Fed.

2   R. Evid. 609.

3       **(4) <u>Defendant's A-file.</u>**  As previously discussed, the Government recognizes its obligation

4   under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government

5   witnesses.

6       **B.     <u>GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY</u>**

7          **1.     <u>Rule 16(b)</u>**

8       Defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery

9   and the Government has already voluntarily complied with the requirements of Federal Rule of Criminal

10  Procedure 16(a).  Therefore, Rule 16(b) should presently be determined to be operable as to Defendant.

11      The Government, pursuant to Rule 16(b), hereby requests that Defendant permit the Government

12  to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects,

13  or make copies of portions thereof, which are within the possession, custody, or control of Defendant

14  and which he intends to introduce as evidence in his case-in-chief at trial.  The Government further

15  requests that it be permitted to inspect and copy or photograph any results or reports of physical or

16  mental examinations and of scientific tests or experiments made in connection with this case, which are

17  in the possession or control of Defendant, which she intends to introduce as evidence-in-chief at the trial

18  or which were prepared by a witness whom Defendant intends to call as a witness.  The Government

19  also requests that the Court make such orders as it deems necessary under Rule 16(d)(l) and (2) to insure

20  that the Government receives the discovery to which it is entitled.

21         **2.     <u>Rule 26.2</u>**

22      Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all

23  witnesses, except any statement of Defendant.  The rule provides for the reciprocal production of Jencks

24  statements.  The time frame established by the rule requires the statement to be provided after the

25  witness has testified, as in the Jencks Act.  Therefore, the Government hereby requests that Defendant

26  be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set

27  by the Court.  This order should include any form these statements are memorialized in, including, but

28  not limited to, tape recordings, handwritten or typed notes, and/or reports.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### IV.

### CONCLUSION

For the foregoing reasons, Alfaros' motion should be denied.

DATED: August 29, 2008

                                       Respectfully Submitted,

                                       KAREN P. HEWITT
                                       United States Attorney

                                       s/ Randy K. Jones
                                     RANDY K. JONES
                                     Assistant United States Attorney
                                     Attorneys for Plaintiff
                                     United States of America
                                     Email: randy.jones2@usdoj.gov

08cr2267-DMS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR2267-DMS |
| Plaintiff, | ) | |
| v. | ) | |
| JESSICA MICHELLE ALFARO, | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **United States' Response and Opposition to Defendant's Motion to Compel Discovery Together with Statement of Facts and Memorandum of Points and Authorities** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    **Gregory Murphy, gregory_murphy@fd.org**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2008

s/ Randy K. Jones
RANDY K. JONES